## Markle v. Sordoni

*Bedford, Waller, Jones & Darling*, and *David B. Skillman*, for plaintiff.

*Reynolds, Reynolds & Doran*, for defendant.

PINOLA, J., August 25, 1948.—On July 16, 1948, defendant presented to the court a motion for a pretrial conference and July 28, 1948, at 10 a. m. was fixed as the time for the same.

Defendant asked for this conference in order that he might interrogate plaintiff on two questions:

(a) The name and address of each bondholder or stockholder approached by plaintiff for the sale of the securities held by the person approached, the date, place and amount offered for the said securities.

(b) Defendant desires plaintiff to produce the name of the person, firm or corporation who offered to purchase the securities held by him, as alleged in paragraph 16 of the complaint, also the time and place the offer to purchase was made.

At the conference counsel for plaintiff objected to the interrogation of their client on two grounds, first,

that Pa. R. C. P. 212 governing pretrial conferences makes no provision for such procedure, and second, that the evidence which defendant seeks to obtain has already been ruled by the court to be immaterial, irrelevant, and inadmissible.

Pa. R. C. P. 212 provides as follows:

## "PRE-TRIAL CONFERENCE

"In any action the court, of its own motion or on motion of any party, may direct the attorneys for the parties to appear for a conference to consider:

"(a) The simplification of the issues;

"(b) The necessity or desirability of amendments to the pleadings;

"(c) The possibility of obtaining admissions of fact and of documents which will avoid unnecessary proof;

"(d) The limitation of the number of expert witnesses;

"(e) The advisability of a preliminary reference of issues to a master for findings to be used as evidence when the trial is to be by jury;

"(f) Such other matters as may aid in the disposition of the action."

Both counsel refer to the case of Peoples City Bank v. John Hancock Mutual Life Insurance Co., 353 Pa. 123. Counsel for defendant take the position that the language of the court, at page 127, as follows: "We cannot agree that pre-trial conference supplies a full, complete and adequate remedy ousting the power of equity to order discovery," by inference recognizes the right of a party to obtain evidence under rule 212.

They feel that this position is further supported by the language of the court on the same page as follows:

". . . although equity has plenary jurisdiction to forward the relief which appellant seeks, there is a fundamental limitation upon the character of information which may be so obtained. The purpose of the discovery is to enable the party seeking it to make out

his cause of action or his defense and not to pry into the case of his opponent and to anticipate it."

Counsel for plaintiff, on the other hand, contend that it was never the purpose of the framers of rule 212 that any power was being conferred under that rule upon either party to obtain discovery. In support of that position they point to the following language of the court in the Peoples Bank case, at page 130:

"While the rules for pre-trial conference provide a method of simplifying issues, and controlling trial procedure, there is nothing to indicate that they were intended to displace the bill of discovery; they do not provide for the compulsory disclosure of evidence by the opposing party under oath—one of the essentials of discovery."

We are of the opinion, and therefore hold that rule 212 does not provide for obtaining evidence or information necessary to a party to prepare his case for trial. In this we are confirmed by proposed rule 4005 contained in Recommendation No. 21 submitted this week by the Procedural Rules Committee to the bench and bar for comments, suggestions and constructive criticism prior to their submission to the Supreme Court for adoption. This proposed rule is as follows:

"Rule 4005. Right to Discovery.

"(a) Except as otherwise provided by Rule 4008, the court on petition of any party may allow

"(1) the serving of written interrogatories approved by the court to be answered by an adverse party, or

"(2) the taking of depositions orally or by written interrogatories approved by the court of any party or person to discover facts relevant to the subject matter of the pending action which, or the means of obtaining which, the petitioner could not reasonably be expected to have and which are necessary either to prepare his pleadings or to prove a prima facie claim or defense of the petitioner.

"(b) Upon the same showing of necessity, the court may allow discovery of the identity and whereabouts of witnesses."

Accordingly, we must deny the motion of defendant to require the interrogation desired.

This disposition of the first question relieves us of the duty of passing upon the second question.

Therefore, we enter the following

### Order

Now, August 25, 1948, the motion of defendant to require plaintiff to submit to interrogation on the two questions contained in the motion is denied.